UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

In Re:

CYNTHIA ANN ZOCCALI,

Debtor.

DEBTOR'S OBJECTION AND MOTION TO STRIKE PHH MORTGAGE CORPORATION AS SERVICER FOR ALLEGED CREDITOR, DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AB2'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM 1-1

Case No.: 24-10445-AMC
(Chapter 13)

Debtor, CYNTHIA ANN ZOCCALI, (hereinafter "ZOCCALI"), objects and motions to strike the response filed in this case by **PHH MORTGAGE CORPORATION**, as servicer for **DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AB2** (hereinafter "Alleged Creditor") pursuant to F.R.C.P. 12(f) and in states:

1. A hearing on the Debtor's objection to Proof of Claim 1.1 is set before this court on June 11, 2024, at 11:00 AM.

2. The bar date for filing claims for non-governmental creditors is April 19, 2024.

3. On February 22, 2024, **Mario Hanyon, Esq. of Brock and Scott, PLLC** filed a **Notice of Appearance** for **HSBC Bank USA, National Association, as Trustee** for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2. This notice was also provided to its alleged servicer PHH Mortgage Corporation per the certificate of service.

4. It should be noted that the Trustee's responsibility is to administer the Trust under the Pooling and Servicing Agreement (PSA). The Trustee is not responsible for initiating or participating in any legal matters regarding an individual loan. It appears that Mr. Hanyon is

confused as to exactly who he is representing in this Proof of Claim, or he is attempting to deceive the court and prejudice the court against the Debtor. Either way, he clearly states he represents the Trustee of the Trust.

5. On April 2, 2024, Andrew Spivack, Esq. of Brock and Scott, PLLC filed the Proof of Claim at issue on behalf of their client, the "creditor" listed as HSBC Bank, USA, NA as Trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2. Though it is stated "other names the creditor used with the debtor" is PHH Mortgage Corporation. The alleged Creditor is Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2 and the **servicer** is PHH Mortgage Corporation. The servicer does not have the legal standing as the injured party or real party of interest as the holder of the promissory note and mortgage to collect on any debt, secured or unsecured. It appears that now Mr. Spivack is also confused as to who he represents or is attempting to deceive this court and prejudice the court against the Debtor.

6. On April 26, 2024 (ECF #24) the Debtor filed her objection challenging the validity of not only the Proof of Claim (prima facia or otherwise) but the debt and its classification of debt.

7. On June 4, 2024 (ECF #33) **Michelle H. Badolato, Esq. of Stradley Ronon Stevens & Young, LLP** filed a **Notice of Appearance** for **PHH Mortgage Corporation, as the servicer** for the alleged creditor.

8. On the same day, Michelle H. Badolato files a Response to the Debtor's Objection to the Trustee, HSBC Bank USA, NA's Proof of Claim on behalf Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2 on behalf of her client, PHH Mortgage Corporation, the alleged servicer of the Trust.

9. Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2 has not filed a Proof of Claim in its name prior to the claims bar date.

10. The Debtor objects and moves to strike the response as it is the Debtor's contention that PHH Mortgage Corporation is, in fact, a debt collector and has had no relation to the Trust or the origination of the subject mortgage and promissory note.

11. PHH Mortgage Corporation did not file a Proof of Claim as servicer or otherwise by the claims bar date of April 19, 2024. It is clear that PHH Mortgage Corporation did not and cannot file a complete and valid proof of claim because they can and would indict themselves criminally. They were not and have not been in possession of the wet-inked promissory note and mortgage at the time of filing the proof of claim. They and their alleged counsels have attempted to deceive this court by intentionally and strategically filing a fraudulent proof of claim and response to the Debtor's objection.

12. Testimony or Statement of a Party (NOT the attorney for the Party) is required. PHH Mortgage Corporation has failed to comply with the F.R.B.P. and a Supreme Court of the United States Order has failed to prove content, as required by the SCOTUS ruling in *Ritzen Group, Inc. v Jackson Masonry, LLC*, 140 S. Ct. 582, 205 L. Ed. 2d 419 (2020) and codified by the Judicial Counsel's bankruptcy forms as listed below:

| | |
|---|---|
| B410 | Proof of Claim |
| B410A | Proof of Claim, Attachment A |
| B411A | General Power of Attorney |
| B411B | Special Power of Attorney |

The bottom line is that companies posing as Secured Creditors and servicers cannot produce a witness to provide testimony that the foundation for introduction of documents if the company was not directly involved in creating the data entries and physically handling the documents that are proffered in court.

13. This response to the Debtor's objection to a Proof of Claim purportedly filed by the Trustee, HSBC Bank USA, NA is an attempt to circumvent the Federal Rules of Bankruptcy Procedure 3001 wherein to participate in a bankruptcy action, a potential creditor MUST file Proof of Claim form 410 and 410A. The claims bar date has surpassed therefore, PHH Mortgage Corporation is forever barred from participating in this matter.

14. The Debtor objects and moves to strike the response as to the timing of the filing of the response. It is being filed just seven days prior to the hearing on the objection denying the Debtor adequate time to review this "document dump" of 107 pages of "evidence" in support of their response. The Debtor is not signed up for e-service and received this "document dump" of 107 pages by US Mail on June 7, 2024, just four days before the hearing on June 11, 2024. The Debtor's objection was filed over a month ago. However, the Debtor is objecting and says the following:

15. According to the PSA of the DBALT 2006-AB2 Trust, the Trustee was HSBC Bank USA, NA and the servicers were American Home Mortgage Servicing, Inc. and Greenpoint. As stated in the Debtor's Objection to POC 1.1, the originator of her loan was American Brokers Conduit a dba of American Home Mortgage Servicing, Inc. While counsel for the servicer, PHH Mortgage, believes the history of the parties related to the subject promissory note and mortgage are irrelevant, the fact of where the promissory note and mortgage originated and how it was **lawfully** transferred to the current alleged "holder" of the promissory note and mortgage is very much relevant in 1) their status as a creditor – secured or unsecured and 2) the true and correct accounting of such debt owed to the alleged current creditor, the Trust.

16. Also, according to the PSA's advances clause, the servicers were obligated to make the advancements to the Trust if the borrower was delinquent. This alone states the Trust is **never** injured and therefore calls into question the validity of the Proof of Claim.

17. The Debtor pointed out the historical evidence of record regarding the parties because many of the parties have bankrupt along the way and if they were, in fact, events of servicing it is imperative that this court determine if the PSA applies to each and every "servicer" in the possible chain of events because it is clear that the Trust was never injured but a servicer may have been. This could be pivotal to the status of the alleged debt owed and to whom.

18. Since counsel is representing PHH Mortgage Servicing, the Debtor will remind counsel of important events regarding who had the promissory note and mortgage at origination and what historical events took place but do not appear in either endorsements or assignments.

19. On August 6, 2007, **AMERICAN HOME MORTGAGE CORP** filed a Chapter 11 bankruptcy case in the District of Delaware (Case # 07-11051-CSS).

20. In November 2007, Wilbur Ross & Co, LLC, an affiliate of WL Ross & Co. LLC, was formed to purchase American Home Mortgage Servicing, Inc. and later purchased the servicing assets of American Home Mortgage Corp. and other affiliated companies in the bankruptcy liquidation. There is no evidence of the record of the Debtor's promissory note assigned, transferred, sold or delivered to Wilbur Ross & Co, LLC.

21. In February 2012, American Home Mortgage Servicing, Inc. changed its name to Homeward Residential Holdings, Inc.

22. On December 27, 2012, Ocwen Financial Corp. finalized its acquisition of Homeward Residential Holdings, Inc. There is no evidence of the record the Debtor's promissory note assigned, transferred, sold or delivered to Ocwen Financial Corp. However, IF this holds to be

- 5 -

true then Ocwen Financial Corp. now PHH Mortgage Corporation, in fact, bought a loan that was liquidated in a bankruptcy sale years prior and is a debt collector. Again, PHH Mortgage Corporation has deceived this court by filing a fraudulent Proof of Claim in the name of a Trust that was never injured according to its Advancement Clause of the PSA. Thereby, again making PHH Mortgage a debt collector that failed to file a Proof of Claim by the Claims bar date of April 19, 2024.

23. According to the Supreme Court of the United States case, *Ritzen Group, Inc. v Jackson Masonry, LLC*, 140 S. Ct. 582, 205 L. Ed. 2d 419 (2020), it states no alleged creditor can collect on a debt if they did not file the <u>required</u> Proof of Claim forms **prior** to the bar date per the Federal Rules of Bankruptcy Procedure.

24. There is no evidence of record Ms. Zoccali's March 10, 2006, promissory note and mortgage was ever assigned, sold, delivered or transferred prior to **AMERICAN HOME MORTGAGE CORP dba AMERICAN BROKERS CONDUIT** entering into bankruptcy, was a part of the liquidation or cease to exist. However, there is a quandary. IF the promissory note and mortgage were, in fact, securitized before the bankruptcy as counsel is stating, there is no evidence of how PHH Mortgage became the alleged servicer. BUT if the promissory note an mortgage did, in fact, follow American Home Mortgage Corp dba American Brokers Conduit into bankruptcy then PHH Mortgage is a debt collector that purchase a failed asset as a part of the bankruptcy liquidation. This would mean that they do <u>**not**</u> have the original wet-inked note as they presented to the court in either their fraudulent Proof of Claim or the Response to the Debtor's objection.

25. The last statement above can be best illustrated by the fact that the copies of the mortgage and promissory note that counsel, Michelle H. Badolato, swears to under penalty of perjury and as an officer of this court are the "…true and correct copy of the Note…" is a lie – or is

it? While the copy attached to the Proof of Claim is heavily redacted, the copy attached to Ms. Badolato's response is not. At the bottom of each page shows a "Doc# Image: and App#" These are indicators that the document is, in fact, a digital copy of what may or may not be an original wet ink note. Attempting to collect monies with a digital copy of a negotiable instrument is forbidden by law.

26. Further evidence that either Ms. Badolato or Mr. Spivack are perjurious in their oath under the penalty of perjury is that they attached a true and correct copy of the promissory note and the mortgage is the copy of the mortgage itself. Among the many discrepancies, the most glaring one is Mr. Spivack's version displays a MIN which is redacted while Ms. Badolato's version does not have it. Not to mention the several redactions on Mr. Spivack's version which do not correlate with any information needing redaction on Ms. Badolato's version.

27. Ms. Badolato's evidence is inconsistent. While her copy of the alleged mortgage omits the MIN, the alleged "assignment" clearly displays one.

28. Counsel argued the Debtor does not have standing to challenge the validity of the alleged assignment. However, the Debtor does have standing as a victim of intentional fraud against her and her property. Counsel goes on to argue that the assignment "does not validate or invalidate the transaction". While it could be true, the alleged creditor still found the need to fabricate an assignment, record it with the county land records and present it to this court as evidence of standing. In fabricating this evidence, Ocwen also bypassed all previous parties in the history of the originator/servicer of the loan involved to record (memorialize) that MERS allegedly held the promissory note and mortgage from origination in 2006, through all the historical party changes and court ordered liquidations to May 11, 2015, when it "assigns" to the alleged creditor, Deutsche Alt-

B Securities Mortgage Loan Trust, Series 2006-AB2 **in care of Ocwen Loan Servicing, LLC**. This is intentional documentation fraud for monetary gain and fraud on the court.

29. In addition to all stated above, the Trust in question was a party to a Settlement with the Department of Justice in January 2017 to resolve federal civil crimes that Deutsche Bank misled investors regarding the "packaging, securitization, marketing, sale and issuance of residential mortgage-backed securities between 2006 and 2007. The alleged creditor in this case, Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2 aka DBALT 2006-AB2 is listed in Annex 3 attached to the article. https://www.justice.gov/opa/pr/deutsche-bank-agrees-pay-72-billion-misleading-investors-its-sale-residential-mortgage-backed  So, IF the loan was in fact securitized, the Debtor was never approached with the opportunity to participate in the ordered $4.1 billion dollar relief that included but not limited to loan forgiveness, forbearance or modification.

30. It is clear these two law firms both represent PHH Mortgage Corporation and have filed pleadings and contradictory evidence to deceive this court and prejudice the Debtor. Therefore, the Proof of Claim should be disallowed, and the response to the objection be stricken from the record.

WHEREFORE, the Debtor respectfully request the Court to strike PHH Mortgage Corporation's response to the Debtor's Objection to the Proof of Claim 1.1 and any other relief deem necessary by the court.

6/10/24
Date

Cynthia Zoccali, pro se debtor