UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

In Re:

CYNTHIA ANN ZOCCALI

Debtor

Bankruptcy Case No.: 24-10445-amc
(Chapter 13)



# DEBTOR'S OBJECTION TO MOTION TO RELIEF FROM AUTOMATIC STAY UNDER §362 AND §1301 CO-DEBTOR STAY PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001

Debtor, Cynthia Ann Zoccali, a living breathing person, (hereinafter the "Debtor"), submits this Debtor's Objection to Movant, HSBC Bank USA, National Association, as Trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2 (hereinafter "Movant" or "Deutsche Trust 2006-AB2") Motion for Relief from Automatic Stay ("Motion"). Granting the Motion for Relief from Automatic Stay is a violation of the Debtor's Constitutional guarantee of Due Process and a denial of Debtor's rights to equal protection under the Law. There are Federal questions involved in the way Movant has conducted its violations of Debtor's rights.

Debtor will and has shown this court the Movant is fraudulently acting under color of authority and is holding out as a "State Actor," within the meaning of the Federal Rules of Bankruptcy Procedure. For these reasons, Debtor requests that the Motion for Relief from Automatic Stay be denied, and, in the hearing, it should be determined why Movant should be permitted to violate the Federal Rules of Bankruptcy Procedure (Hereinafter "FRBP"), Constitutional law and his oath as an attorney in the Commonwealth of Pennsylvania. It should also

- 1 -

be determined why the Movant should be granted the relief requested in Movant's Motion without ever proving to this court their true status in this Bankruptcy proceeding.

Movant has biased the court with misconduct, misrepresentations and malfeasance with their Proof of Claim. Judge Ashely M. Chan has violated her oath of office to uphold the Constitution of the United States of America (1787) and its amendments.

## I. BACKGROUND

On February 9, 2024 ("Petition Date"), the Debtor filed a Chapter 13 proceeding in the United States Bankruptcy Court, Eastern District of Pennsylvania. Debtor continues to be in possession of the estate and, in particular, the property located at 118 Meredith Drive, Spring City, PA 19475 (hereafter the "Property").

The Debtor listed the movant, HSBC Bank USA, National Association, as Trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2 as a non-priority unsecured debt in her Schedules.

The Debtor has not paid post-petition payments because those payments are and have been based on a forged loan modification. The loan modification contract was deemed a forgery in the United States District Court, Eastern District of Pennsylvania (Case #20-cv-00864). Therefore, void. For another court or its attorneys to ignore these facts and perpetuate the fraud not only breach their Rules of Professional Conduct but violate the Constitution of the United States of America (1787) and its Amendments denying an American their Constitutional rights and due process.

Movant filed a file a Proof of Claim, 410 and 410A pursuant to Fed. R. Bankr. P. 3002(c)(7) naming HSBC Bank USA, National Association, as Trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2 as the current creditor with PHH Mortgage Corporation being listed as "other names the creditor used with the debtor." HSBC Bank USA, NA, Deutsche

Alt-B Securities Mortgage Loan Trust, Series 2006-AB2 and PHH Mortgage Corporation are all separate entities. Only **one** can be the actual holder of the original wet-ink promissory note.

On April 26, 2024, Zoccali filed her objection to the Proof of Claim providing evidence of record of the intentional documentation fraud that is the prima facie evidence of alleged the assignments, transfers, sales or negotiations of the promissory note and mortgage attached to the claim. For a court or its attorneys to ignore these facts and perpetuate the fraud not only breach their Rules of Professional Conduct but violate the Constitution of the United States of America (1787) and its Amendments denying an American their Constitutional rights and due process.

Despite the court order stating the signature is a forgery, there is no **valid** evidence the alleged "lender" Ocwen Loan Servicing was holder of the Promissory Note with the authority to modify the terms of the note.

On August 21, 2024, Judge Ashlely M. Chan denied Zoccali's objection after being advised of the forgery and documentation fraud and other misrepresentation and malfeasance attached to the Proof of Claim. Judge Chan ignored the misconduct and malfeasance of opposing counsel, Andrew Spivack who intentionally and willfully presented and perpetrated fraud on her court. Judge Chan is bound by her oath of office to uphold the Constitution of the United States of America (1787) and its Amendments. Specifically, Amendment V, in part, "[n]o person shall be…deprived of life, liberty, or property, without due process of law…"

Furthermore, Judge Chan is bound to uphold the US Code § 1002 making it a federal offense to possess false documents with the intent to defraud. Counsel, Andrew Spivack, has possessed and entered false documents with his Proof of Claim and has continued this behavior with the instant motion.

The movant and its attorneys have violated the automatic stay in their state proceedings by moving forward in their attempt to collect the collateral for a debt with false documentation stating it is the lawful holder of the promissory note pursuant to UCC Article III law.

Spivack has violated Rule 8.1 and Rule 4.1(a) & (b) of the Pennsylvania Rules of Professional Conduct. Spivack is bound by this rule stating, "…shall not knowingly make a false statement or material fact or law to a third party; or fail to disclose a material fact when disclosure is necessary to avoid aiding and abetting a criminal or fraudulent act by a client." Under Rule 1.2(d), "a lawyer is prohibited from counseling or assisting a client in conduct that the lawyer knows is criminal or fraudulent."

In Paragraph 3 of the instant motion, Spivack clearly states, the "movant is the holder of the mortgage on the mortgaged premises." There is no admission of the movant being the holder of the original wet-inked promissory note or the forged loan modification which the underlying foreclosure is based upon. Therefore, the movant's motion must be denied for all the reasons stated on the record.

## II.  DISCUSSION

**A.  DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AB2 HAS NOT ESTABLISHED IT IS A REAL PARTY IN INTEREST BEFORE THIS BANKRUPTCY COURT.**

A motion for relief from the automatic stay must satisfy both substantive and procedural requirements. The substantive requirements are provided by 11 United States Code § 362(d). The procedural requirements, on the other hand, are imposed by the United States Constitution and the Federal Rules of Bankruptcy Procedure.

Section 362(d) provides that relief from stay shall be granted "on request of a party in interest." § 362(d). This is a substantive requirement, and it is relatively broad: many parties are 'parties in interest' for the purposes of § 362(d).

But a party that seeks relief from stay must also be "the real party in interest" as required by Federal Rules of Civil Procedure, Rule 17(a)(1), applicable by way of Federal Rules of Bankruptcy Procedure, Rules 7017 (adversary proceedings), and 9014 (contested matters). This Motion is a contested matter. Rule 9014 exceptions do not apply here, which means that the rules for adversary proceedings apply to contested matters, including the incorporation of Federal Rules of Civil Procedure, Rule 17, which states in pertinent part "Every action shall be prosecuted in the name of the real party in interest."

A real party in interest is the party with the right to sue or enforce a claim under the applicable substantive law. *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986); *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir. 2004); *American Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981). A "real party in interest" is a far narrower party and is usually limited to a single party. The real party in interest is "the person who, according to the governing substantive law, is entitled to enforce the right." The term "real party in interest" is easy to confuse with the term "party in interest."

In contrast, and at times, confusing, is "Party in interest," which generally in the bankruptcy context is anyone who is entitled to express a view with respect to a matter before the court. It includes the debtor, creditors, employees, officers of a corporation, professionals active in the case, and many others.

It must be noted again, the Debtor's Objection to Proof of Claim for the movant was denied despite the factual fraud presented and the District Court's order the loan modification was forged.

In any event, the object of a foreclosure is to sell a property in order to satisfy an underlying alleged defaulted loan. Whereas the purpose of relief from automatic stay is to get permission from this court to return to the *status quo* in order to presumably continue the foreclosure, against the bankruptcy estate and the Debtor's estate. The Movant is not the real party in interest, HSBC Bank USA, NA, Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2 nor PHH Mortgage, its agent, has not provided valid evidence that it has 'the right to sue or enforce a claim under the applicable substantive law' not to mention the underlying Loan Modification is void due to the forgery of a borrower's signature.

**B.    HSBC BANK USA, NA, DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AB2 CANNOT ESTABLISHED IT HAS THE RIGHT TO FORECLOSE, CONVEY TO ITSELF THE TRUSTEE'S DEED, OR TO PROSECUTE THE UNLAWFUL DETAINER ACTION AND TO PROSECUTE THE MOTION FOR RELIEF FROM STAY.**

A longstanding and unchanged bedrock principle in American jurisprudence holds that a mortgagee has no rights without the note. *Carpenter v. Longan*, 83 U.S. 271, 274, (1872) ("the note and mortgage are inseparable…, the assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.") In this case, the lack of a legible copy of the promissory note, lack of evidence the promissory note and deed of trust were transfer, sold, delivered or assigned from American Broker's Conduit providing a lack of continuity of ownership and does not follow the history of the entities involved. With that stated, it is well documented fact that American Broker's Conduit was not lawfully permitted to do business as a mortgage lender leaving the origination of the original promissory note and mortgage void ab initio. Furthermore, with the original contract of mortgage being void then it follows the loan modification, even if not a forged document, would be void.

Under this umbrella of ambiguity – to put it mildly, Movant cannot establish a right to foreclose, and more importantly, that Movant has the right to seek the Motion before the court. In short, **HSBC Bank USA, NA, Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2** holds absolutely no beneficial interests in Debtor's mortgage.

### C. STANDING AND SUBJECT MATTER JURISDICTION.

It is also important to distinguish the "real party in interest" requirement from standing. Standing and subject matter jurisdiction is constitutional requirement, grounded in Article III.[1] The "real party in interest" requirement, on the other hand, is generally regarded as one of many "prudential" considerations that have been "judicially engrafted onto the Article III requirements for standing." *In re Village Rathskeller*, 147 B.R. 665, at 668 (Bankr. S.D.N.Y. 1992).[2] To seek relief in federal court, a party "must meet both constitutional and prudential . . . requirements." *Morrow v. Microsoft Corp.* 499 F.3d 1332, 1339 (9th Cir. 2007); see also *In re Village Rathskeller*,

---

[1] Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State*, 454 U.S. 464, 484, (1982); see also *Morrow v. Microsoft Corp.* 499 F.3d 1332, 1339 (9th Cir. 2007). This constitutional restriction is enforced by the minimum requirement that a "party who invokes the court's authority…show that he suffered some actual or threatened injury," Matter of *Village Rathskeller, Inc.*, 147 B.R. at 668 (citing *Valley Forge*, 454 U.S. at 464), that the injury be "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Morrow, 499 F.3d at 1339 (citing *Hein v. Freedom Religion Found., Inc.*, — U.S. —, 127 S.Ct. 2553, 2555-56, 168 L.Ed.2d 424 (2007)). "These requirements have been described as the injury in fact, traceability, and redressability inquiries." *Id.* "An actual or threatened injury exists when a party's pecuniary interest may be affected by the outcome of a determination." Matter of *Village Rathskeller*, 147 B.R. at 668 (citing *United States v. Little Joe Trawlers, Inc.*, 780 F.2d 158, 161 (1st Cir. 1986).

[2] Of these considerations, two are of particular relevance to a party who invokes a court's authority to grant relief from the automatic stay under 11 U.S.C. § 362(d). *See id.* at 668-69. First, the party seeking relief **"must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties."** *Valley Forge*, 454 U.S. at 760 (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) (emphasis supplied); *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 80 (1978); *Singleton v. Wulff*, 428 U.S. 106, 113-114 (1976)). Second, "the plaintiff's complaint [must] fall within 'the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'" *Valley Forge*, 454 U.S. at 475 (citing *Association of Data Processing Service Orgs. v. Camp*, 397 U.S. 150, 153 (1970); *Gladstone*, 441 U.S. at 100; *Duke Power Co.*, 438 U.S. at 80). Both of these considerations are incorporated into Rule 17's requirement that an action be prosecuted "in the name of the real party in interest." See *Ensley v. Cody Resources, Inc.*, 171 F.3d 315, 320 (5th Cir. 1999).

*Inc.*, 147 B.R. at 668 (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975) for the proposition that "[t]he concept of standing subsumes a blend of constitutional requirements and prudential considerations"). To satisfy one does not necessarily mean that the other is satisfied: a party may have standing and subject matter jurisdiction – having suffered an "injury in fact" – but this may not make it the real party in interest. See, e.g., *Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Dir. 1992). Conversely, a party may be the real party in interest, but lack standing. See, e.g., *Davis v. Yageo Corp.*, 481 F.3d 661 (9th Cir. 2007). As set forth in this opposition, Movant is not a real party in interest, nor an assignee, nor authorized to foreclose, and thus, has no standing or subject matter jurisdiction.

**D.     PRE-PETITION AND POST-PETITION PAYMENTS**

The movant purports to only discuss failure of the Debtor to make post-petition payments. Spivack is acutely aware since the pre-petition payments were unlawfully created by a forged loan modification, it would follow the post-petition payments are the same.

The Debtor stopped making her good faith payments on the loan modification the very moment she discovered the forgery of her father and continued to protect her rights throughout the District Court case. The District Court ordered the signature of the co-borrower, Robert Shapley was a forgery. Thereby, the entire contract is void.

Furthermore, the Movant only presents an incomplete post-petition accounting.

It is the Debtor's conclusion that the movant is attempting to circumvent a District Court Order deeming the Loan Modification is a forgery thereby the contract as a whole is void. The Movant has willfully and intentionally perpetuated documentation fraud with the false statements in the manner of assignments and the Promissory Note and Mortgage.

### E. CONCLUSION

For the reasons set forth above, the court should deny Movant's motion.

THEREFORE, Debtor respectfully requests the Honorable Court to deny HSBC Bank USA, NA, Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB2's motion for relief of stay in the case of caption.

Date: September 27, 2024                                    /s/Cynthia Ann Zoccali
                                                            Cynthia Ann Zoccali, *pro se* debtor